**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4377**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAQUIN LAMAR CORBIN, a/k/a Shorty, a/k/a Roy Lamar Jones,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00217-D-2)

Submitted:  April 20, 2023                               Decided:  August 8, 2023

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary J. Darrow, Raleigh, North Carolina; Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laquin Lamar Corbin was convicted after a jury trial of possession on or about March 28, 2017, of a firearm and ammunition and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924. The district court sentenced Corbin to 120 months' imprisonment. On appeal, Corbin challenges his conviction, arguing that the district court erred in admitting into evidence testimony from his co-defendant regarding his drug trafficking in 2017 and that he is entitled to relief pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided after he was convicted and sentenced.[*] We affirm.

We review the district court's admission of evidence for abuse of discretion. *United States v. Ebert*, 61 F.4th 394, 403 (4th Cir. 2023). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018).

Rule 404(b) of the Federal Rules of Evidence prohibits the admission into evidence of another "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R.

---

[*] In a supplemental pleading filed after he filed his opening brief, Corbin, invoking *Anders v. California*, 386 U.S. 738 (1967), asserted that his *Rehaif* claim was meritless but requested that this court review the record to determine if this conclusion was correct. Because so-called quasi- or hybrid-*Anders* briefing is not proper, *see United States v. Turner*, 677 F.3d 570, 576-77 (3d Cir. 2012), and Corbin has not waived or abandoned his *Rehaif* claim, *see United States v. Duroseau*, 26 F.4th 674, 678 n.2 (4th Cir. 2022), we review it.

2

Evid. 404(b)(1) (eff. Dec. 1, 2011).  Such "propensity evidence is excluded because it might overpersuade a jury and cause them to prejudge one with a bad general record." *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997) (internal quotation marks omitted).  But the Rule allows the admission of evidence of other acts or crimes if used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  To be admissible under Rule 404(b), the evidence must be: (1) relevant to an issue other than the defendant's character; (2) necessary to prove an element of the charged offense; (3) reliable; and (4) admissible under Fed. R. Evid. 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial nature.  *Queen*, 132 F.3d at 997.

"Critically, however, not all prior bad act evidence is encompassed by Rule 404(b)." *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020) (internal quotation marks omitted).  "Instead, the rule is only applicable when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense."  *Id.* (internal quotation marks omitted).  By contrast, "acts that are a part of, or intrinsic to, the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence."  *Id.* (internal quotation marks omitted).  Evidence is intrinsic when it arises "out of the same series of transactions as the charged offense" or when it is "necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (cleaned up).  For evidence to be admissible to "complete the story" of a charged offense, the evidence must be "probative of an integral component of the crime on trial or provide information without which the

3

factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself." *Brizuela*, 962 F.3d at 795.

Corbin argues that the testimony from his co-defendant regarding his drug dealing in 2017 was inadmissible because it was evidence of prior bad acts and was not relevant to the sole issue at trial—namely, whether he knowingly possessed firearms and ammunition—or any other element of the offense charged. We reject these arguments. The co-defendant's testimony regarding Corbin's drug trafficking in which the co-defendant had involvement provided needed contextual information bearing on an integral component of the crime on trial—whether Corbin knowingly possessed firearms and ammunition—by explaining the circumstances under which Corbin came to possess firearms in his apartment prior to the date charged in the indictment, how the co-defendant—the only other occupant of the apartment with knowledge regarding the firearms' presence there and a witness testifying to the identity of the owner of the firearms and their presence and placement in the apartment and on Corbin's person—knew of that possession, and by providing testimony establishing Corbin's constructive possession of firearms on March 28. This testimony was needed to complete the story of the crime on trial and was thus intrinsic. Accordingly, Rule 404(b) did not apply to the admission of this evidence, and no abuse of discretion is present.

Corbin also contends he is entitled to relief pursuant to *Rehaif* and that this court should vacate his conviction because the district court did not instruct the jury on the requirement that the Government had to prove his knowledge of his status as a person prohibited from possessing a firearm. Because Corbin did not raise this issue in the district

4

court, we review it for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("[P]lain-error review applies to unpreserved *Rehaif* errors."). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *Caldwell*, 7 F.4th at 211. When a defendant has been convicted following a jury trial, he must show that without the error, "there is a reasonable probability that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

In *Rehaif*, "the Supreme Court concluded that to obtain a § 922(g) conviction, the [G]overnment 'must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant [felon] status when he possessed [them]." *Caldwell*, 7 F.4th at 213 (first, second, and fourth alterations added) (quoting *Rehaif*, 139 S. Ct. at 2194). "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Id.* (quoting *Greer*, 141 S. Ct. at 2097). However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id.*

5

"[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Greer*, 141 S. Ct. at 2097. "But if a defendant does not make such an argument or representation on appeal, [this] court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.*; *see United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir.) (concluding that defendant failed to make required showing where he testified he was not allowed to possess firearms and had "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting . . . evidence that he knew he was a felon" (quoting *Greer*, 141 S. Ct. at 2100)), *cert. denied*, 142 S. Ct. 2825 (2022); *Caldwell*, 7 F.4th at 213 (concluding that defendant could not make required showing where he never disputed validity of his felony convictions and had served sentences longer than a year, "making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

Although there was plain error in this case under *Rehaif*, we conclude that Corbin has not shown that his substantial rights were affected, that is, that absent the error, there is a reasonable probability that he would have been acquitted. At trial, he stipulated that, prior to March 28, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and his right to possess a firearm had not been restored. His co-defendant also testified Corbin was aware he was prohibited from possessing firearms.

6

On appeal, Corbin has not argued or represented he would have presented a factual basis at trial for contradicting the evidence that he knew he was a felon.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*